# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Promotional Management Group, Inc. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-367-XR |
| | § | |
| Kim Hsieh | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On this date the Court considered Defendant's motion to dismiss (Docket Entry No. 5), filed June 12, 2009. Plaintiff did not respond to the motion, and the time for doing so has expired. Defendant's unopposed motion is GRANTED IN PART and DENIED IN PART.

## Background

Plaintiff, Promotional Management Group, Inc. ("PMG"), alleges that it "is a national below-the-line marketing, retail and events servicing agency, specializing in the Hispanic consumer," and that, in or around 2001, Plaintiff expanded its operations from San Antonio, Texas, to the Chicago, Illinois, market. (Pl.'s Orig. Pet. 1, Apr. 9, 2009 (attached to Def.'s Notice of Removal Ex., May 8, 2009).) (Docket Entry No. 1.) ("Pet.") Plaintiff claims that it hired Defendant, Kim Hsieh ("Hsieh"), "to work in Chicago and service one of [Plaintiff's] major customers by helping it market its products to the Hispanic community in Chicago." *Id.* Defendant was a partner in and shareholder of PMG.

On or about March 23, 2002, Plaintiff states that it issued 100 shares of stock to Defendant in recognition of her years of service and dedication for the growth and success of PMG. At that time, Plaintiff claims that Hsieh agreed to be subject to PMG's articles of incorporation,

amendments, and by-laws.

About 2006, Plaintiff decided to expand the scope of its Chicago office operations based, in part, on Defendant's counsel and recommendation. Plaintiff claims to have relied on Defendant to spearhead its efforts to expand in the market. PMG states that Hsieh was the only officer, shareholder, and/or partner working in the Chicago market.

Plaintiff alleges that Defendant, throughout 2006 and 2007, made numerous false representations to Plaintiff regarding the sales, staffing needs, and potential and actual revenues of the Chicago office in an effort to secure PMG's financial support for the office and to maintain Plaintiff's confidence in Hsieh as an officer and partner. Plaintiff also alleges that Defendant made numerous false representations regarding her own efforts on behalf of PMG and regarding financial obligations to the company. Plaintiff does not further describe the false representations.

PMG states that it relied on the misrepresentations and acted in accordance with the recommendations made by Defendant. In order to effectuate the recommendations, Plaintiff secured two lines of credit for a total value of $675,000, and PMG claims that Defendant agreed to personally guarantee one-third of each of the lines of credit.

PMG contends that in early 2008, after it drew $613,310 on lines of credit in an attempt to act upon Defendant's recommendations, it became apparent that most, if not all of the representations Hsieh made regarding the success of the Chicago office, her efforts, and the financial and staffing needs of the office, were false. Upon discovering the falsehoods, Plaintiff confronted Defendant "who readily acknowledged that she misled" PMG and further acknowledged her financial responsibility to the company for one-third of the debt PMG assumed based on Hsieh's

position as an officer, shareholder, and partner and on her promise to guarantee one-third of the lines of credit. Plaintiff further alleges that Defendant later denied having made the misrepresentations and disclaimed any responsibility for the debt.

On April 9, 2009, Plaintiff brought suit against Defendant in the District Court for the 37th Judicial District in Bexar County, Texas, asserting causes of action for fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, breach of fiduciary duty, constructive fraud, and breach of contract. On May 8, 2009, Defendants removed the case to this Court on the basis of diversity jurisdiction conferred by 28 U.S.C. § 1332. Defendant filed a motion to dismiss all claims under Rule 12(b)(6) on June 12, 2009. (Def.'s Mot. to Dismiss & Request for Oral Hearing, June 12, 2009.) (Docket Entry No. 5.) ("Mot.") Plaintiff has not filed a response in opposition.

## Standard of Review

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss for failure to state a claim, all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id*. Courts may look only to the pleadings in determining whether a plaintiff has adequately stated a claim; consideration of information outside the pleading converts the motion to one for summary judgment. FED. R. CIV. P. 12(d). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id*. A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is

3

"improbable." *Id*. at 556.

## Analysis

**A. Fraudulent Misrepresentation**

With respect to Plaintiff's fraudulent misrepresentation claim, PMG alleges that Hsieh made a series of false representations in 2006 and 2007. Among the listed allegations, Plaintiff claims:

> (a) Hsieh misrepresented existing sales for 2006-2007 in various presentations and revenue reports; (b) Hsieh misrepresented current and future client interests in PMG's services; ©) Hsieh misrepresented communications with clients regarding existing and future business and sales; (d) Hsieh misrepresented the staffing needs in the Chicago office; (e) Hsieh misrepresented interest expressed by potential clients following speaking engagements, trade shows, and conferences[.]

(Pet. 3.) Defendant contends that Plaintiff's fraudulent misrepresentation cause of action must be dismissed because Plaintiff failed to satisfy the heightened pleading standard of Rule 9(b) and because many of the statements that form the basis of the cause of action concern future events and potential interest of business prospects, which Defendant contends are not actionable. (Mot. ¶¶ 3-6.)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). The Fifth Circuit recently instructed:

> In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. We apply Rule 9(b) to fraud complaints with 'bite' and 'without apology,' but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after *Twombly* must make relief plausible, not merely conceivable, when taken as true.
> Courts have attempted to clarify Rule 9(b) by articulating workable constructions. The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead 'the time, place and contents of the false representation[ ], as well as the identity of the person making the misrepresentation and what that person obtained thereby.'

*United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185–86 (5th Cir. 2009) (quoting *United States ex rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir.1999)). A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir.1993).

In *Benchmark Electronics., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), the Fifth Circuit applied the heightened pleading requirements to a claim of fraudulent misrepresentation and found that the complaint satisfied the standard. In that case, the complaint stated the specific month in which the alleged misrepresentations occurred, a document in which the alleged misrepresentations were presented, and the locations where they occurred.[1] *See id*. To identify the basis for the misrepresentations, the plaintiff alleged, for example, that although the defendant seller stated that its subsidiary had strong customer relations with several major companies, the subsidiary actually lost these customers. *Id*. Finally, the complaint stated that "due to the misrepresentations, [defendant] was able to sell its stock to [plaintiff], and [defendants] became entitled to substantial transaction incentive bonuses." *Id*.

Here, the complaint alleges that Defendant made the statements during a two-year time frame, but it does not provide specific dates, weeks, or months. The complaint also fails to allege

---

[1] The Fifth Circuit Court of Appeals recounted the detail provided by the plaintiff in its complaint.
> It alleges that a [defendant] representative made false representations regarding [plaintiff's] operations, financial results, and customer relations in April 1999 in Angleton, Texas. It also alleges false or misleading statements regarding favorable past financial results and the strength of its customer relations with [other named companies] in the Confidential Descriptive Memorandum sent on behalf of [defendant] to [plaintiff] in May 1999, in the information provided to [plaintiff] in the data rooms at the offices of [defendant]'s investment bankers in June and July 1999, and in personal discussions between [defendant's] representatives and [plaintiff] in June, July, and August 1999.

*Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

5

where the misrepresentations were made; it neither connects the misrepresentations to a place nor identifies whether they were made orally or in writing. In addition, Plaintiff's complaint fails to explain why the various assertions are fraudulent or misleading. And finally, the complaint does not set forth how Defendant personally or professionally benefitted from her misrepresentations. Plaintiff thus failed to plead its claim of fraudulent misrepresentation with the particularity required by Rule 9(b), and therefore, Plaintiff has failed to state a claim.

**B. Fraudulent Concealment/Fraud by Nondisclosure**

With respect to Plaintiff's fraudulent concealment claim, Plaintiff alleges that "Hsieh concealed numerous material facts." (Pet. 5.) The allege facts listed by Plaintiff include:

> (a) Hsieh failed to disclose clients complaints and concerns regarding her poor performance; (b) Hsieh failed to disclose clients' intentions to reduce the level of business given to PMG; ©) Hsieh failed to disclose failure of staff in reaching revenue goals and projections; (d) Hsieh failed to disclose her unwillingness or inability to follow-up with potential clients; (e) Hsieh failed to disclose her unwillingness or inability to properly manage the staff of the Chicago office; (f) Hsieh failed to disclose her unwillingness or inability to properly balance the workload and staffing needs at the Chicago office; (g) Hsieh failed to disclose her unwillingness or inability to execute any of the duties, goals, and requirements that she developed for her position as Senior Vice President of Business Development[.]"

*Id.* The complaint further states that "[i]n light of Hsieh's role as an officer, shareholder, and partner, Hsieh had a duty to disclose the material facts previously listed to [Plaintiff]." *Id.* Defendant contends that Plaintiff's fraudulent concealment claim must be dismissed because PMG failed to allege any specific facts supporting the alleged concealment and because Plaintiff bases this claim on Hsieh's alleged unwillingness or inability to perform her work, which Defendant contends is not a tort and not actionable. (Mot. ¶¶ 6, 8.)

Plaintiff's fraudulent concealment claim is also subject to the heightened pleading requirements of Rule 9(b). *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-39 (5th Cir.

6

2008) (applying heightened pleading requirements of Rule 9(b) to state law claims based in fraud). To establish a claim for fraud by concealment or nondisclosure, Texas law requires the plaintiff to allege that the defendant concealed or failed to disclose a material fact that the plaintiff did not have the opportunity to discover, the defendant intended to induce the plaintiff to take some action by concealing or failing to disclose the material fact, and that the plaintiff suffered as a result of acting on the nondisclosure. *Id.* at 341 (citing *Bradford v. Vento*, 48 S.W.3d 749, 754-55 (Tex. 2001)). The plaintiff must have a duty to disclose the information. *Id.*

Plaintiff identifies the specific alleged nondisclosures upon which it purportedly relied, such as: client complaints, poor performance, clients' intentions to reduce the levels of business provided to PMG, the failure of staff to achieve particular goals, and Hsieh's failure to follow-up with certain clients. (Pet. 5.) Moreover, the complaint provides specific actions undertaken by PMG in reliance on Hsieh's alleged nondisclosures. (*See id.*) Although some of the examples provided by Plaintiff are vague, PMG provides enough specific examples of alleged material nondisclosures to meet the requirements of Rule 9(b).

Here, Plaintiff provides facts sufficient to plead a claim for fraud by nondisclosure and survive a motion to dismiss pursuant to Rule 12(b)(6). PMG alleges that Hsieh, as an officer and partner of PMG, owed a fiduciary relationship to the company. Such a relationship gives rise to a duty to disclose material information. *See Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998) (describing relationships that warrant duty of disclosure). Plaintiff has pled intent by alleging that "Hsieh concealed the material facts for the purpose of inducing PMG to [perform various acts]." (Pet. 5.) PMG sufficiently asserts reliance on the nondisclosure, claiming that it performed each of these acts, that it would not have done so had it been aware of the material facts that Defendant

7

concealed, and that it suffered damages as a result of that reliance on Defendant's nondisclosures. (*See id.*) As a result, Plaintiff has provided facts sufficient to plead a claim for fraud by nondisclosure.

## C. Negligent Misrepresentation

Plaintiff's negligent misrepresentation claim contains the same allegations of misrepresentation pled to constitute its fraudulent misrepresentation claim. (*See* Pet. 6-7.) Defendant contends that Plaintiff's negligent misrepresentation cause of action must be dismissed because it is devoid of specific facts and because Hsieh was a former employee and shareholder of the company and "not in the business of providing information." (Mot. ¶¶ 9, 11.)

Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, the Fifth Circuit Court of Appeals has applied the heightened pleading requirements "when the parties have not urged a separate focus on the negligent misrepresentation claims." *Benchmark Electronics., Inc.,* 343 F.3d at 723. Here, the negligent misrepresentation claim is based on the same set of alleged facts as the fraudulent misrepresentation claim, and therefore 9(b) is the applicable standard. Plaintiff's negligent misrepresentation claim fails to satisfy Rule 9(b) to the same extent and for the same reasons as its fraud claim discussed above. Thus, the negligent misrepresentation claim is dismissed.

## D. Breach of Fiduciary Duty

Plaintiff alleges that Defendant established a fiduciary relationship with Defendant who breached duties of care and loyalty. (Pet. 7.) Plaintiff claims that Defendant breached the duties by:

> (a) Making false representations of material facts to PMG as previously set forth; (b) Failing to disclose material facts to PMG as previously set forth; ©) Failing to perform her job duties with due care and diligence, including but not limited to: (I) Failing to pursue potential

business leads; (ii) Failing to properly manage staff at the Chicago office; (iii) Failing to communicate with existing clients[.]

*Id.* Defendant contends that Plaintiff's breach of fiduciary duty claim must be dismissed because it does not state the alleged breaches with specificity and because the allegations of failing to pursue potential leads, failing to properly manage, and failing to communicate are not breaches of fiduciary duty. (Mot. ¶ 14.)

To establish a claim for a breach of fiduciary duty, a plaintiff must show: (1) a fiduciary relationship exists between the plaintiff and defendant; (2) the defendant breached this duty; and (3) the breach resulted in injury to the plaintiff or benefitted the defendant. *See Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex. App.—Austin 2009, no pet. h.). A fiduciary relationship imposes the duties of "good faith and candor by the fiduciary toward his principal. This includes the general duty of *full disclosure* respecting matters affecting the principal's interests and a general prohibition against the fiduciary[] using the relationship to benefit his personal interest, except with the full knowledge and consent of the principal." *Chien v. Chen*, 759 S.W.2d 484, 495 (Tex. App.—Austin 1988, no writ).

Fiduciary duties arise as a matter of law in certain formal relationships, including the relationship between a corporate officer or partner and the business entity. *Dunnagan v. Watson*, 204 S.W.3d 30, 46 (Tex. App.—Fort Worth 2006, pet. denied) (involving partner's fiduciary duties); *Faour v. Faour*, 789 S.W.2d 620, 621-22 (Tex. App.—Texarkana 1990, writ denied) (involving fiduciary duties of a corporate officer). Texas law imposes a duty on officers and directors to exercise due care in the management of corporate affairs. *Meyers v. Moody*, 693 F.2d 1196, 1209 (5th Cir. 1982), *cert. denied*, 464 U.S. 920 (1983). The duty of care requires officers to manage the

business organization's affairs with diligence and prudence. *Gearhart Indus., Inc. v. Smith Int'l, Inc.*, 741 F.2d 707, 719 (5th Cir. 1984). Due care is defined as "that degree of care which a person of ordinary prudence would exercise under the same or similar circumstances." *Meyers*, 693 F.2d at 1209. Officers also owe a duty of loyalty to the corporation which requires them to act in good faith and not allow their own personal interests to prevail over the interests of the company. *Gearhart Indus., Inc.*, 741 F.2d at 719.

As an officer, shareholder, and partner of Promotional Management Group, Defendant stands in a fiduciary relationship to the company. Plaintiff states a plausible claim that Defendant breached her duty of due care as an officer. The Defendant's alleged failure to pursue potential leads, failure to properly manage staff, and failure to communicate with existing clients represent a lack of diligence and prudence in the Chicago office expansion. In addition, many of the general facts asserted as part of Plaintiff's fraudulent concealment claim also supports a claim for breach of fiduciary duty. In support of the fraudulent concealment theory Plaintiff alleged material facts that the Defendant allegedly failed to disclose. These facts were material to Plaintiff's expansion in the Chicago market and thus affected Plaintiff's interests. Finally, Plaintiff has shown that as a result of the Defendant's non-disclosure, Plaintiff drew on two lines of credit and expended unnecessary funds on marketing, overhead, and labor. Based on these allegations, Plaintiff has thus adequately stated a claim for breach of fiduciary duty.

**E. Constructive Fraud**

Plaintiff asserts a conclusory claim of constructive fraud. (Pet. 8.) Defendant argues that the complaint contains no allegations of fact to support this claim and reiterates that the complaint includes no allegations of breach of an equitable or fiduciary relationship. (Mot. ¶ 16.)

Texas law recognizes a claim for constructive fraud, defining it as "the breach of a legal or equitable duty that the law declares fraudulent because it violates a fiduciary relationship." *Hubbard v. Shankle*, 138 S.W.3d 474, 483 (Tex. App.—Fort Worth 2004, pet. denied); *see also Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex. 1965) ("Actual fraud usually involves dishonesty of purpose or intent to deceive, whereas constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests."); *Chien*, 759 S.W.2d at 495 (stating that constructive fraud "encompasses those breaches that the law condemns as 'fraudulent' merely because they tend to deceive others, violate confidences, or cause injury to public interests, the actor's mental state being immaterial"). Common law fraud includes a claim for constructive fraud. *Chien*, 759 S.W.2d at 494-95 ("Common-law fraud includes both 'actual' and 'constructive' fraud.'"). Such a claim must meet the heightened pleading requirements of Rule 9(b). *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules . . . .").

Unlike a traditional claim for fraud, constructive fraud does not require a showing of intent. *Greco v. Greco*, No. 04-07-00748-CV, 2008 WL 4056328, at *5 (Tex. App.—San Antonio Aug. 29, 2008, no pet.) ("Constructive fraud, does not require an intent to defraud . . . ."). Sufficiently, pleading a breach of fiduciary duty, however, does not automatically establish a claim for constructive fraud since constructive fraud must contain elements beyond the former cause of action in order for the latter to be an independent tort. *Cf. Engel v. Sexton*, Nos. 06-10447, 06-10547, 07-116, 2009 WL 361108, at *15 (E.D. La. Feb. 16, 2009) (stating that claims such as constructive fraud "are often considered a repackaging of claims for breach of fiduciary duty instead of being a separate

tort."). Even though Plaintiff's claim for breach of fiduciary duty can survive a motion to dismiss, that does not preclude dismissal of a claim for constructive fraud for failing to meet heightened pleading requirements.

Here, Plaintiff provides no specific information regarding the facts that would support a claim for constructive fraud. In a conclusory request, with nothing more, the complaint reads: "[Plaintiff] prays that the Court enter a judgment in its favor and against [Defendant] on [Plaintiff]'s Constructive Fraud claim . . . ." (Pet. 8.) Even taking the complaint as a whole, Plaintiff does not plead facts sufficient to meet the requirements of Rule 9(b). There is no declaration of what the statements or actions were, when they occurred, or the specific circumstances surrounding those events. Consequently, Plaintiff's complaint fails to meet the heightened pleading requirements of Rule 9(b) so it cannot state a claim for constructive fraud.

**F. Breach of Contract**

Plaintiff alleges that Defendant "orally agreed" to personally guarantee one-third of any line of credit secured by Plaintiff but that Defendant has refused to pay her share of the money she owes. (Pet. 8.) Plaintiff did not allege or file a response suggesting that there was any written agreement or confirmation of the oral agreement. Defendant argues there is no allegation that Defendant executed any writing in support of the agreement.

A promise to guarantee the debt of another is not enforceable unless it is in writing and signed by the person charged with the promise. TEX. BUS & COM. CODE §§ 26.01(a), (b)(2). The statute of frauds provision that pertains to personal guaranties "requires 'a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting

12

to oral testimony.'" *Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 261 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (quoting *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex.1978)).

Plaintiff states that Defendant's agreement to personally guarantee one third of a line of credit was oral. (Pet. 8.) There is no indication from the complaint, and Plaintiff provides no response, to allege that any writing exists to memorialize Defendant's "promise to guarantee one-third of any line of credit." (*See* Pet. 9.) Because Plaintiff's breach of contract claim is premised on an unenforceable promise, the claim is dismissed pursuant to Rule 12(b)(6).

## Conclusion

Plaintiff has provided no response to Defendant's motion to dismiss and this Court has received no motion for leave to amend the complaint. Defendant's motion to dismiss with regard to the claims for fraudulent misrepresentation, negligent misrepresentation, and constructive fraud is GRANTED since Plaintiff cannot state a claim pursuant to Rule 12(b)(6) for failure to comply with Rule 9(b). Plaintiff cannot state a claim for breach of contract so Defendant's motion to dismiss the breach of contract claim is GRANTED pursuant to Rule 12(b)(6). As to the motion to dismiss the claims for fraudulent concealment and breach of fiduciary duty, Defendant's motion is DENIED.

It is so ORDERED.

SIGNED this 1st day of September, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE